818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jaime TRAVERSO, Sr., Plaintiff-Appellant,
v.
Anita COLVARD, Deputy of the Loudon County Shereiff Dept.
assigned to the ADC, in her individual and
official capacities, Defendant-Appellee.
 No. 87-7022.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 27, 1987.
Decided May 4, 1987.
 
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Jaime Traverso, Sr., appellant pro se.
 Jean Marie, D'Ovidio, James Walter Hopper, Gardner, Moss & Hopper, for appellee.
 PER CURIAM:
 
 
 1
 Jaime Traverso, Sr., a Virginia inmate, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint. Traverso claimed that his civil rights were violated when the defendant, a deputy sheriff at the Loudoun County Adult Detention Center, listened to a conversation between Traverso and one of his visitors. Traverso requested a declaratory judgment and monetary relief. The district court found that Traverso failed to state a cause of action and dismissed the complaint. Traverso appeals, asserting that (1) the district court failed to consider the fact that he was a pretrial detainee who should have been afforded greater protection than a convicted person, and (2) the defendant failed to prove that the monitoring of visits represented a bona fide security need.
 
 
 2
 The Supreme Court has held that where a pretrial detainee wishes to challenge a prison condition the case should be evaluated under the Due Process Clause of the Constitution. Bell v. Wolfish, 441 U. S. 520, 535 n. 16 (1979). The Due Process Clause prohibits punishment of a detainee prior to the proper adjudication of guilt. All restrictions placed on pre-trial detainees must be reviewed to determine "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." Id. at 538. To survive a due process challenge, the monitoring of visits of which Traverso complains must be reasonably related to a legitimate governmental purpose.
 
 
 3
 Prison officials have an interest in maintaining security and order within their institutions. A large degree of deference should be afforded prison administrators as to what restrictions and conditions are necessary to maintain that security. Id. at 547. To determine whether a particular restriction is reasonable courts "must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id. at 559. In Block v. Rutherford, 468 U.S. 576 (1984), the Court held that restrictions on contact visits were reasonably related to a legitimate government interest due to the potential security risk involved. The monitoring of conversations is also within the realm of activity which may be undertaken to maintain prison security. Moreover, as the district court indicated in its opinion, the deputy sheriff's presence in the room put Traverso on notice that his conversation was being monitored. Thus, he gave up any right which he may have had when he chose to discuss any prive information.
 
 
 4
 Accordingly, we affirm the decision of the district court. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed. R. App. P. 34 and Local Rule 34(a).
 
 
 5
 AFFIRMED.